UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAQUEL BLAKENEY,<br><br>        Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>        Defendants. | Case No. 15-CV-05544-LHK<br><br>**ORDER GRANTING CREDIT RECOVERY ASSOCIATE, INC.'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 47 |

Before the Court is Defendant Credit Recovery Associates, Inc.'s ("Credit Recovery Associates") motion to dismiss Plaintiff Raquel Blakeney's ("Plaintiff") complaint. ECF No. 47. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the motion hearing set for April 21, 2016, at 1:30 p.m. The case management conference scheduled for that date and time remain as set. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Credit Recovery Associate's motion to dismiss with leave to amend.[1]

---

[1] Credit Recovery Associates additionally has requested that the Court take judicial notice of the First Amended Chapter 13 Plan filed in Plaintiff's bankruptcy case at the United States Bankruptcy Court for the Eastern District of California and the docket for Plaintiff's bankruptcy

1
Case No. 15-CV-05544-LHK
ORDER GRANTING CREDIT RECOVERY ASSOCIATE, INC.'S MOTION TO DISMISS WITH LEAVE TO AMEND

## I. BACKGROUND

### A. Factual Background

On November 7, 2014, Plaintiff filed for Chapter 13 bankruptcy. ECF No. 1 ("Compl.") ¶ 5. "Chapter 13 of the Bankruptcy Code affords individuals receiving regular income an opportunity to obtain some relief from their debts while retaining their property. To proceed under Chapter 13, a debtor must propose a plan to use future income to repay a portion (or in the rare case all) of his debts over the next three to five years." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1690 (2015). "If the bankruptcy court confirms the plan and the debtor successfully carries it out, he receives a discharge of his debts according to the plan." *Id.* at 1690. In the instant case, Plaintiff's bankruptcy plan was confirmed on May 30, 2015. Compl. ¶ 5. The complaint provides no details on Plaintiff's bankruptcy plan. *See generally* Compl. Plaintiff does not allege that Plaintiff has successfully paid her debt according to the plan, or that Plaintiff's debt has been discharged.

On September 3, 2015, Plaintiff ordered a three-bureau credit report from Equifax, Inc. ("Equifax"). *Id.* ¶ 6. In the report, Plaintiff allegedly "noticed several tradelines all reporting a misleading and or inaccurate balance, past due balance, and or monthly payment owed on the account and or listing of the account as in collections and or charged off rather than included in [b]ankruptcy." *Id.* ¶ 7. In response to the report, Plaintiff disputed the allegedly inaccurate tradelines with the three credit reporting bureaus: Equifax, Experian Information Solutions, Inc. ("Experian"), and TransUnion, LLC ("TransUnion").[2] *Id.* ¶ 8. According to Plaintiff, each credit reporting bureau sent Credit Recovery Associates a notification that Plaintiff was disputing the accuracy of the credit report. *Id.* ¶ 9.

On November 24, 2015, Plaintiff ordered a three-bureau credit report from Equifax. *Id.*

---

case. ECF No. 47-1. The Court GRANTS Credit Recovery Associates' request for judicial notice. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding that "court filings and other matters of public record" are subject to judicial notice).
[2] In Plaintiff's opposition, Plaintiff asserts that Plaintiff sent these dispute letters on or about October 18, 2015. Opp. at 2. However, no date is alleged in the complaint.

2
Case No. 15-CV-05544-LHK
ORDER GRANTING CREDIT RECOVERY ASSOCIATE, INC.'S MOTION TO DISMISS WITH LEAVE TO AMEND

¶ 14. Plaintiff allegedly learned that the credit report still reported "the misleading and or inaccurate statements." *Id.* ¶ 15. Plaintiff alleges that Credit Recovery Associates failed to conduct a "reasonable investigation" into Plaintiff's dispute and again "reported falsely" to Experian, Equifax, and TransUnion a "misleading and or inaccurate balance or past due balance." *Id.* ¶ 10. Specifically, Plaintiff alleges that Credit Recovery Associates "supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's [C]hapter 13 filing and confirmation of the repayment plan, that the account was in collections, charged off, and that both a balance and past due balance were owed to Defendant Credit Recovery Associates, despite the treatment of its claims under the terms of Plaintiff's confirmed [C]hapter 13 repayment plan." *Id.* ¶ 26.

**B. Procedural History**

On December 3, 2015, Plaintiff filed the instant complaint against Credit Recovery Associates as well as against Defendants Experian; Equifax; TransUnion; Ascension Services; L.P. ("Ascension Services"); Regional Finance Corporation ("Regional Finance"); and Capital One, National Association ("Capital One"). ECF No. 1. Plaintiff asserts that all seven defendants violated the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b). *Id.* ¶¶ 20–27. Plaintiff also asserts that Credit Recovery Associates, Ascension Services, Regional Finance, and Capital One violated California's Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25(a), and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*. *Id.* ¶¶ 28–42.

On December 29, 2015, Equifax and Experian answered Plaintiff's complaint. ECF Nos. 15, 18. TransUnion answered Plaintiff's complaint on December 30, 2015. ECF No. 22. Capital One answered Plaintiff's complaint on February 23, 2016. ECF No. 45.

The Court granted a stipulation of dismissal with prejudice as to TransUnion on February 11, 2016. ECF No. 36. The Court granted a stipulation of dismissal with prejudice as to Equifax on April 1, 2016. ECF No. 60. Plaintiff filed a notice of settlement as to Capital One on March

3

Case No. 15-CV-05544-LHK
ORDER GRANTING CREDIT RECOVERY ASSOCIATE, INC.'S MOTION TO DISMISS WITH LEAVE TO AMEND

25, 2016. ECF No. 59.

Credit Recovery Associates filed the instant motion to dismiss on February 24, 2016. ECF No. 47 ("Mot."). Plaintiff opposed the motion on March 9, 2016. ECF No. 55 ("Opp."). Credit Recovery Associates replied on March 16, 2016. ECF No. 58 ("Reply").

## II.   LEGAL STANDARD

### A.  Rule 12(b)(6) Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6). Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

**B. Leave to Amend**

If the court concludes that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (ellipsis in original). Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (brackets in original).

**III.   DISCUSSION**

**A. Plaintiff's FCRA Claim**

The Court first addresses Plaintiff's FCRA claim, and then turns to Plaintiff's CCRAA and UCL claims. Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)). To ensure that credit reports are accurate, "the FCRA imposes some duties on the sources that provide credit information to [consumer reporting agencies], called 'furnishers' in the statute." *Id.* Certain obligations are triggered "upon notice of dispute"—that is, when a person or entity who furnished information to a consumer reporting agency receives notice from the consumer reporting agency that the consumer disputes the information. *Id.* at 1154. Subsection 1681-2(b) of the FCRA provides that, after receiving a notice of dispute, the furnisher shall:

(A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the consumer reporting agency . . .;
(C) report the results of the investigation to the consumer reporting agency;
(D) if the investigation finds that the information is incomplete or inaccurate, report

>those results to all other consumer reporting agencies to which the person furnished the information . . .; and
>(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1) . . .
>
>>(i) modify that item of information;
>>(ii) delete that item of information; or
>>(iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1). The FCRA creates a private right of action for willful or negligent noncompliance with this subsection. *Gorman*, 584 F.3d at 1154 (citing 15 U.S.C. §§ 1681n, o).

Plaintiff asserts that Credit Recovery Associates is a "furnisher" under the FCRA and that Credit Recovery Associates received from the credit reporting bureaus "notification that [P]laintiff was disputing the accuracy of what it was reporting." Compl. ¶ 9. After receiving notice of Plaintiff's dispute, Credit Recovery Associates allegedly violated the FCRA in two ways: (1) failing to conduct a reasonable investigation, in violation of § 1681s-2(b)(1)(A); and (2) failing to correct Credit Recovery Associates' reporting of inaccurate information, in violation of § 168s-2(b)(1)(C)–(E). Credit Recovery Associates does not dispute that these are cognizable FCRA claims, but contends that Plaintiff fails to sufficiently plead facts to support these claims. *See* Mot. at 6-8; Reply at 2-6. The Court addresses Plaintiff's two theories of FCRA liability in turn.

As a preliminary matter, the Court notes that Plaintiff's complaint fails to allege that Credit Recovery Associates acted either willfully or negligently, as required for Plaintiff to have a private right of action. *See Gorman*, 584 F.3d at 1154; 15 U.S.C. §§ 1681n, o. Nor does Plaintiff provide any factual allegations to support that Credit Recovery Associates acted willfully or negligently. *See generally* Compl. As this Court has recently held with respect to the virtually identical complaint in *Abbot v. Experian*, No. 15-CV-05541-LHK, 2016 WL 1365950, at *3 (N.D. Cal. April 6, 2016), Plaintiff can not bring any claims under the FCRA without alleging that the alleged violations of the FCRA were willful or negligent. Because Plaintiff fails to allege that Credit Recovery Associates violated the FCRA willfully or negligently, Plaintiff can not bring any claims under the FCRA. *See id.* (dismissing FRCA claim based on virtually identical allegations when the plaintiff failed to allege that the defendant acted either willfully or negligently); *see also*

6

Case No. 15-CV-05544-LHK
ORDER GRANTING CREDIT RECOVERY ASSOCIATE, INC.'S MOTION TO DISMISS WITH LEAVE TO AMEND

*Thompson v. Bank of Am., N.A.*, 2015 WL 355707, at *2 (N.D. Cal. Jan. 27, 2015) (dismissing FCRA claim when plaintiff alleged the defendant acted "knowingly and willfully" without providing any factual basis for the allegation).

Apart from the private right of action, the Court identifies additional reasons to dismiss Plaintiff's FCRA claim. As to Plaintiff's first theory of liability, the FCRA requires a furnisher to "conduct an investigation with respect to the disputed information" after the furnisher receives notice of a dispute from a consumer reporting agency. 15 U.S.C. § 1681s-2(b)(1). The Ninth Circuit has held that such an investigation must be "reasonable." *Gorman*, 584 F.3d at 1157. "[W]hether a reinvestigation conducted by a furnisher in response to a consumer's notice of dispute is reasonable depends in large part on the allegations provided to the furnisher by the credit reporting agency." *Id.* at 1160 (ellipses omitted). Plaintiff's only allegation related to this theory of liability is that Credit Recovery Associates "failed to conduct a reasonable investigation." Compl. ¶ 10; *see also id.* ¶ 24. Plaintiff does not allege any facts in support of this assertion. Nor is this theory explained in Plaintiff's opposition to the instant motion, even though the opposition notes that Plaintiff "received a reinvestigation report indicating what attempts had been made to correct the perceived inaccuracies." Opp. at 2-3.

Instead, Plaintiff seems to assume that Credit Recovery Associates' investigation must have been unreasonable if Credit Recovery Associates reported inaccurate information after the investigation. However, the Ninth Circuit has explicitly rejected this argument. In *Gorman*, the Ninth Circuit explained that "the requirement that furnishers investigate consumer disputes is procedural. An investigation is not necessarily unreasonable because it results in a substantive conclusion unfavorable to the consumer, even if that conclusion turns out to be inaccurate." *Gorman*, 584 F.3d at 1161. Accordingly, Plaintiff's conclusory allegation that Credit Recovery Associates "failed to conduct a reasonable investigation" is insufficient to plausibly allege that Credit Recovery Associates conducted an unreasonable investigation in violation of the FCRA. *See Iqbal*, 556 U.S. at 678; *see also Abbot*, 2016 WL 1365950, at *4 (dismissing virtually identical

FCRA claim for failure to conduct a reasonable investigation).

As to Plaintiff's second theory of liability, the FCRA requires a furnisher, upon receiving notice of a dispute, to report the results of the investigation and "if the investigation finds that the information is incomplete or inaccurate, report" and correct those results. 15 U.S.C. § 1681s-2(b)(1)(C)–(E); *see also Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1106 (9th Cir. 2012) ("Upon being notified of a dispute by a [credit reporting agency], a furnisher must investigate and, if necessary, correct the information it reports."). Information can be "incomplete or inaccurate" within the meaning of the FCRA "because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Gorman*, 584 F.3d at 1163. Accordingly, omitting the disputed nature of a debt, if the dispute could materially alter how the reported debt is understood, may be "incomplete or inaccurate" reporting. *See id.* at 1163–64.

In the instant case, Plaintiff alleges that Credit Recovery Associates reported "that the account was in collections, charged off, and that both a balance and past due balance were owed to Defendant Credit Recovery Associates, despite the treatment of its claims under the terms of Plaintiff's confirmed [C]hapter 13 repayment plan." Compl. ¶ 26. Plaintiff does not assert that the account was not in collection or charged off, that the balance on the account was not past due, or that no balance was owed. Rather, Plaintiff explains that "Plaintiff is specifically alleging that despite the treatment under the terms of the confirmed [C]hapter 13 plan, [Credit Recovery Associates] continued to report Plaintiff's account as owing a current and past due balance, that the account was in collection, and charged off without making any mention or reference to a bankruptcy filing." Opp. at 5. Thus, according to Plaintiff, Credit Recovery Associates' reporting inaccurately indicates that Plaintiff's account is subject to collection even though Plaintiff is absolved "from any legal requirement to pay on the debts separate from the treatment under the terms of the [C]hapter 13 plan." *Id.* at 3.

Credit Recovery Associates argues that, as a matter of law, reporting historically accurate

8

Case No. 15-CV-05544-LHK
ORDER GRANTING CREDIT RECOVERY ASSOCIATE, INC.'S MOTION TO DISMISS WITH LEAVE TO AMEND

balances during the pendency of a bankruptcy can not be inaccurate or incomplete under the FCRA. Mot. at 6–8. However, courts in this district have found that reporting delinquent payments during bankruptcy may be misleading depending on the circumstances, including whether the report fails to indicate that a charge is disputed or part of a bankruptcy. *See Mortimer v. Bank of Am., N.A.*, 2013 WL 1501452, at *4 (N.D. Cal. Apr. 10, 2013) (finding that reporting delinquencies during the pendency of bankruptcy is not misleading so long as the creditor reports that the account was discharged through bankruptcy and the outstanding balance is zero); *Venugopal v. Digital Fed. Credit Union*, 2013 WL 1283436, at *3 (N.D. Cal. Mar. 27, 2013) (holding that reporting of historically accurate debt may violate the FCRA when the reporting did not include that the debt was discharged in bankruptcy or that the debt was in dispute). Accordingly, the Court turns to Plaintiff's particular allegations.

In the instant case, Plaintiff asserts that Credit Recovery Associates' reporting is inaccurate because it is inconsistent with Plaintiff's Chapter 13 bankruptcy plan. However, Plaintiff does not allege the terms of the Chapter 13 bankruptcy plan; that the balance owed to Credit Recovery Associates was included in the bankruptcy plan; or that the debt has either been paid or discharged. Nor does Plaintiff indicate whether Credit Recovery Associates' reporting included a notation about the pending bankruptcy or any disputes. Plaintiff seems to recognize these failures, as Plaintiff's opposition asserts that Credit Recovery Associates failed to include a notation about the pending bankruptcy and disputes, and Plaintiff's opposition attempts to explain—in general terms—Plaintiff's bankruptcy plan. *See* Opp. at 2–3, 6. However, Plaintiff cannot avoid dismissal by alleging new facts in an opposition to a motion to dismiss. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). Accordingly, Plaintiff fails to allege that Credit Recovery Associates' reporting was inaccurate or incomplete because it was inconsistent with Plaintiff's Chapter 13 bankruptcy plan. *See Abbot*, 2016 WL 1365950, at *4

9
Case No. 15-CV-05544-LHK
ORDER GRANTING CREDIT RECOVERY ASSOCIATE, INC.'S MOTION TO DISMISS WITH LEAVE TO AMEND

(holding that virtually identical allegations failed to allege that the defendant's reporting was inaccurate or incomplete).

Plaintiff additionally asserts that Credit Recovery Associates' reporting is inaccurate or incomplete because it violates the automatic stay put in place by the bankruptcy court. Alternatively, Plaintiff argues that Credit Recovery Associates' reporting inaccurately indicates that Plaintiff's debt involves a child support obligation, which, according to Plaintiff, is the only type of debt that Credit Recovery Associates could report without violating the automatic stay. Opp. at 8–9. The Court finds that these allegations are insufficient to show that Credit Recovery Associates' reporting was incomplete or inaccurate. The complaint does not allege that Credit Recovery Associates violated the automatic stay. Further, Plaintiff provides no authority that any violation of an automatic stay is also a violation of the FCRA. Indeed, courts in this district have held that whether a defendant reports accurate information as required by the FCRA is separate from whether a defendant violates the bankruptcy code. *See, e.g.*, *Mortimer*, 2013 WL 1501452, at *10 & n.3 (noting that "the question before the Court is whether [d]efendant reported accurate information, not whether [d]efendant violated the bankruptcy code"); *see also Abbot*, 2016 WL 1365950, at *5 (holding that virtually identical claims failed to allege an FCRA violation based on violation of the automatic stay). Lastly, Plaintiff fails to allege the nature of the debt she owes to Credit Recovery Associates, and fails to allege that this debt is *not* a child support obligation. Because Plaintiff does not plausibly allege that any of the reported information was inaccurate or incomplete, Plaintiff does not state a FCRA claim for failing to correct reported information. *See Drew*, 690 F.3d at 1106; *see also Abbot*, 2016 WL 1365950, at *5 (dismissing virtually identical FCRA claim).

Accordingly, the Court GRANTS Credit Recovery Associates' motion to dismiss Plaintiff's FCRA cause of action. The Court does so with leave to amend because the Court concludes that amendment would not necessarily be futile. *See Lopez*, 203 F.3d at 1127 (holding that "a district court should grant leave to amend . . . unless it determines that the pleading could

1   not possibly be cured by the allegation of other facts").

**B. Plaintiff's Claim under Cal. Civ. Code § 1785.25(a)**

Section 1785.25(a) of the CCRAA provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code. § 1785.25(a). The CCRAA provides for a private right of action to enforce this provision. *Id.* §§ 1785.25(g), 1785.31(a). "[B]ecause the CCRAA 'is substantially based on the Federal Fair Credit Reporting Act, judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions.'" *Carvalho v. Equifax Info. Servs. LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (quoting *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 12 (2003)).

Similar to Plaintiff's FCRA claim, Plaintiff asserts that Credit Recovery Associates violated the CCRAA by reporting "a misleading and or inaccurate balance, and or monthly payment owed on the account and or listing of the account as in collections and or charged off rather than included in [b]ankruptcy." Compl. ¶ 29. The parties' arguments about the accuracy and completeness of this information in the context of a CCRAA claim mirror the parties' FCRA claim arguments. *See* Mot. at 9–10; Opp. at 9–10; Reply at 7. For the reasons stated above, Plaintiff has not sufficiently alleged that Credit Recovery Associates reported any inaccurate or incomplete information. Accordingly, the Court need not address Credit Recovery Associates' argument that the CCRAA does not provide a private right of action against furnishers of credit information. *See* Mot. at 9; Reply at 6-7. Therefore, the Court GRANTS Credit Recovery Associates' motion to dismiss Plaintiff's CCRAA claim. The Court does so with leave to amend because the Court concludes that amendment would not necessarily be futile. *See Lopez*, 203 F.3d at 1127.

**C. Plaintiff's UCL Claim**

California's UCL provides a cause of action for business practices that are (1) unlawful,

11

Case No. 15-CV-05544-LHK
ORDER GRANTING CREDIT RECOVERY ASSOCIATE, INC.'S MOTION TO DISMISS WITH LEAVE TO AMEND

(2) unfair, or (3) fraudulent. Cal. Bus. & Prof. Code §§ 17200 *et seq*. Each of the three "prongs" of the UCL provides a "separate and distinct theory of liability" and an independent basis for relief. *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203–04 (9th Cir. 2010). The unlawful prong of the UCL "'borrows' violations of other laws and treats them as unlawful practices," which the UCL then "makes independently actionable." *Cel–Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999).

Plaintiff asserts that Credit Recovery Associates violated the unlawful prong of the UCL because of "unlawful practices" that violate the CCRAA, § 1785.25(a). Compl. ¶¶ 36–42. Because the Court concludes above that Plaintiff can not state a claim under the CCRAA, Plaintiff can not state a claim under the unlawful prong of the UCL. *See Punian v. Gillette*, 2016 WL 1029607, at *17 (N.D. Cal. Mar. 15, 2016). Thus, the Court GRANTS Credit Recovery Associates's motion to dismiss Plaintiff's UCL claim. The Court does so with leave to amend because amendment would not necessarily be futile. *See Lopez*, 203 F.3d at 1127.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Credit Recovery Associates' motion to dismiss with leave to amend. Should Plaintiff elect to file an amended complaint curing the deficiencies identified herein, Plaintiff shall do so within thirty (30) days of the date of this Order. Failure to meet the thirty-day deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice of Plaintiff's claims. Plaintiff may not add new causes of action or parties without leave of the Court or stipulation of the parties pursuant to Rule 15 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: April 15, 2016

_____
LUCY H. KOH
United States District Judge

12
Case No. 15-CV-05544-LHK
ORDER GRANTING CREDIT RECOVERY ASSOCIATE, INC.'S MOTION TO DISMISS WITH LEAVE TO AMEND