1  Breck E. Milde, State Bar No. 122437
   bmilde@hopkinscarley.com
2  Monique D. Jewett-Brewster, State Bar No. 217792
   mjb@hopkinscarley.com
3  HOPKINS & CARLEY
   A Law Corporation
4  The Letitia Building
   70 S First Street
5  San Jose, CA  95113-2406

6  *mailing address:*
   P.O. Box 1469
7  San Jose, CA 95109-1469
   Telephone:    (408) 286-9800
8  Facsimile:    (408) 998-4790

9  Attorneys for Defendants
   Credit Recovery Associates, Inc. and Regional
10 Finance Corporation

11                     UNITED STATES DISTRICT COURT
12                    NORTHERN DISTRICT OF CALIFORNIA
13                            SAN JOSE DIVISION
14

15 RAQUEL BLAKENEY,                          Case No.  5:15-cv-05544 LHK

16              Plaintiff,
                                             **DEFENDANTS' NOTICE OF MOTION AND
17 v.                                        MOTION TO DISMISS PLAINTIFF'S
                                             AMENDED COMPLAINT PURSUANT TO
18 EXPERIAN INFORMATION SOLUTIONS,           RULE 12(b)(6) OF THE FEDERAL RULES
   INC.; EQUIFAX, INC.; TRANSUNION,          OF CIVIL PROCEDURE; MEMORANDUM
   LLC; ASCENSION SERVICES, L.P.;            OF POINTS AND AUTHORITIES IN
19 CREDIT RECOVERY ASSOCIATES,               SUPPORT THEREOF**
   INC.; REGIONAL FINANCE
20 CORPORATION; CAPITAL ONE,
   NATIONAL ASSOCIATION and DOES 1           Date:   August 18, 2016
21 through 100, inclusive,                   Time:   1:30 p.m.
                                             Ctrm:   8 – 4th Floor
22              Defendants.                          280 South 1st Street, San Jose, CA 95113

23                                           Hon. District Judge Lucy H. Koh

24                                           Complaint Filed:  December 4, 2015

25                                           Trial Date: Not Assigned

26
27
28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • PALO ALTO

1316247.1
             DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT;
                  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................ 2

II. FACTUAL BACKGROUND .............................................................................................. 3

III. LEGAL STANDARDS FOR A MOTION TO DISMISS .................................................... 4

IV. THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT IN ITS ENTIRETY ........................................................................................................................... 5

    A. Plaintiff's First Cause of Action Fails to State a Claim for Violation of the FCRA ........................................................................................................................ 5

        1. Plaintiff Fails to Allege That Defendants Acted Willfully or Negligently ................................................................................................. 5

        2. Plaintiff Fails to Allege Facts Which Demonstrate That Defendants Failed to Conduct a Reasonable Investigation ....................................... 6

        3. Plaintiff Fails to Allege Facts Which Demonstrate That Defendants Reported Inaccurate or Misleading Credit Information ......................... 7

    B. Plaintiff's Second Cause of Action Fails to State a Claim for Violation of the CCRAA ............................................................................................................... 9

V. CONCLUSION ................................................................................................................... 10

Hopkins & Carley
Attorneys At Law
San Jose • Palo Alto
Burbank

1316247.1

- i -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

Page

## CASES

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ................................................................................................. 4

*Bell Atl. Corp. v. Twombly*,
  127 S. Ct. 1955 (2007) ................................................................................................. 4

*Epstein v. Wash. Energy Co.*,
  83 F.3d 1136 (9th Cir. 1996) ....................................................................................... 4

*Giovanni v. Bank of Am., N.A.*,
  2012 WL 6599681 (N.D. Cal. Dec. 18, 2012) ......................................................... 7, 8

*Giovanni v. Bank of Am., N.A.*,
  2013 WL 1663335 (N.D. Cal. Apr. 17, 2013) .......................................................... 7, 8

*In re Jones*,
  2011 WL 5025329 (Bankr. E.D. Va. Oct. 21, 2011) .................................................... 8

*Johnson v. Riverside Healthcare Sys., LP*,
  534 F.3d 1116 (9th Cir. 2008) ...................................................................................... 4

*Miller v. Bank of Am., N.A.*,
  858 F. Supp.2d 1118 (S.D. Cal. Mar. 14, 2012) ......................................................... 10

*Mortimer v. Bank of Am., N.A.*,
  2013 WL 1501452 (N.D. Cal. Apr. 10, 2013) ............................................................. 8

*Mortimer v. Bank of Am., N.A.*,
  2013 WL 57856 (N.D. Cal. Jan. 3, 2013) .................................................................... 8

*Navarro v. Block*,
  250 F.3d 729 (9th Cir. 2001) ....................................................................................... 4

*Pulver v. Avco Fin. Servs.*,
  182 Cal.App.3d 622 (1985) .................................................................................... 9, 10

*Samuel v. CitiMortgage, Inc.*,
  2013 WL 1501491 (N.D. Cal. Apr. 10, 2013) ........................................................... 10

## STATUTES

11 U.S.C. §1325 ................................................................................................................ 8

11 U.S.C. §1328 ................................................................................................................ 8

15 U.S.C. §1681s-2 ........................................................................................................... 6

Civil Code section 1785.25(a) .......................................................................................... 2

Civil Code section 1785.31 ............................................................................................. 10

## RULES

Federal Rules of Civil Procedure, Rule 12(b)(6) ..................................................... 1, 2, 4

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • PALO ALTO
BURBANK

1316247.1

- ii -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on **August 18, 2016**, at **1:30 p.m.** or as soon thereafter as may be heard, in the San Jose Courthouse of the above-entitled Court, located at 280 South 1st Street, Courtroom 8, 4th Floor, San Jose, California 95113, Defendants CREDIT RECOVERY ASSOCIATES, INC. ("Credit Recovery Associates") and REGIONAL FINANCE CORPORATION ("Regional Finance Corporation," together with Credit Recovery Associates, "Defendants") will, and hereby do, move this Court, the Honorable District Judge Lucy H. Koh presiding, for an Order dismissing the Amended Complaint of plaintiff Raquel Blakeney ("Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, in its entirety, for its failure to state a claim upon which relief may be granted against Defendants in this proceeding.

More specifically, Defendants move to dismiss plaintiff's first and second causes of action, which are brought under the federal Fair Credit Reporting Act ("FCRA") and California's Consumer Credit Reporting Agencies Act ("CCRAA"), respectively, on the grounds that plaintiff fails to allege any specific information implicating wrongdoing by Defendants. Defendants also move to dismiss plaintiff's claims for violation of the CCRAA on the additional ground that Defendants cannot be held liable under the alleged claims because Defendants are not credit reporting agencies.

This Motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, all pleadings and records on file in this action, and such briefing, papers and argument as may be permitted in this matter.

Dated: May 26, 2016

Respectfully submitted,

HOPKINS & CARLEY
A Law Corporation

By: /s/ Breck E. Milde
Breck E. Milde
Monique D. Jewett-Brewster
Attorneys for Defendants
Credit Recovery Associates, Inc. and
Regional Finance Corporation

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • PALO ALTO
BURBANK

1316247.1

- 1 -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court previously entered an order granting a motion to dismiss with leave to amend, identifying a number of deficiencies on the face of the Complaint filed by plaintiff Raquel Blakeney ("Plaintiff") in this action. Plaintiff's Amended Complaint suffers from the same material, and fatal, defects. As with her initial Complaint, Plaintiff contends that Credit Recovery Associates, Inc. ("Credit Recovery Associates") and Regional Finance Corporation (together with Credit Recovery Associates, "Defendants") each violated the federal Fair Credit Reporting Act ("FCRA") and its California counterpart statute, the California Consumer Credit Reporting Agencies Act, Civil Code section 1785.25(a) ("CCRAA"), through furnishing allegedly inaccurate credit information to the credit reporting agencies. The differences between the initial Complaint and the Amended Complaint are that Plaintiff now recites the terms of her confirmed chapter 13 plan and more details about the alleged credit reporting. However, the Amended Complaint still fails to allege (i) that Defendants acted either willfully or negligently, as regards the FCRA claim; (ii) any facts which demonstrate that Defendants failed to conduct a reasonable investigation; and (iii) any facts which show that Defendants reported inaccurate or misleading information, particularly where Plaintiff has not received her bankruptcy discharge. Notwithstanding the amendment, Plaintiff's FCRA claim still fails.

In addition, Plaintiff has no authority to bring a CCRAA claim against Defendants. Plaintiff ignores the fact that Defendants are furnishers of information to a credit reporting agency—and not credit reporting agencies themselves. As discussed herein, the CCRAA gives a consumer an action for damages against a credit reporting agency, <u>not</u> a furnisher of information such as Defendants. Thus, Plaintiff's amended CCRAA claim also still fails.

For the reasons set forth in more detail below, Defendants move to dismiss each of the two causes of action in the Amended Complaint pursuant to Federal Rule of Civil Procedure section 12(b)(6). Defendants seek dismissal of these two claims without leave to amend, as Plaintiff has had two opportunities to state plausible claims for relief against Defendants and has twice failed to do so.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • PALO ALTO

1316247.1                                    - 2 -
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## II.  FACTUAL BACKGROUND

Plaintiff alleges that she filed for chapter 13 bankruptcy protection on November 7, 2014. Amended Complaint ("FAC"), ¶ 5; see also ECF No.47-1, Ex. A. The confirmed plan provides for a 60 month, or five year, term, unless all unsecured claims are paid in full within a shorter period of time. ECF No.47-1, Ex. A, §1.03. Significantly, Plaintiff does not allege that she has received her bankruptcy discharge. Nor does Plaintiff's bankruptcy docket reflect that she received her discharge. ECF No.47-1, Ex. B.

On September 3, 2015, Plaintiff ordered a three bureau report from Equifax, Inc. FAC, ¶ 6. Upon reviewing her credit report, Plaintiff learned that Defendants failed to report that their respective debts were subject to the terms of Plaintiff's confirmed chapter 13 plan. FAC, ¶¶ 9-10. According to the Amended Complaint, "Plaintiff disputed the inaccurate tradelines" via certified mail with the three credit reporting bureaus: Experian Information Solutions, Inc.; Equifax, Inc.; and TransUnion, LLC (collectively, the "Bureaus"). FAC, ¶ 11. On information and belief, Plaintiff alleges that each of the Bureaus notified Defendants that Plaintiff disputed the accuracy of Defendants' reporting. FAC, ¶ 12. Plaintiff fails to allege, with any particularity whatsoever, the allegations provided to Defendants by the Bureaus.

The Amended Complaint alleges that Plaintiff ordered a second three bureau report from Equifax, Inc. on November 24, 2015. FAC ¶ 13. Upon reviewing the November 24, 2015 report, Plaintiff noticed that Defendants reported "the same inaccuracies" as previously disputed by Plaintiff. FAC ¶ 14. Plaintiff contends that Defendants failed to conduct a reasonable investigation not based in any way upon her dispute, but rather because "[Defendants] failed to review the terms of Plaintiff's confirmed chapter 13 plan, failed to investigate how the Chapter 13 Bankruptcy Trustee was disbursing on the claim, and failed to review the Bankruptcy Court's Confirmation Order on how creditors were bound by the terms of the plan." FAC ¶ 15.

Based on these allegations, Plaintiff contends that Defendants violated the FCRA and the CCRAA. Plaintiff claims to have suffered actual damages that she describes as "[the] inability to properly reorganize under Chapter 13, reviewing credit reports from all three [Bureaus], time reviewing reports with counsel, sending demand letters, diminished credit score, and such further

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • PALO ALTO

1316247.1

- 3 -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

expenses in an amount to be determined at trial." FAC ¶ 32. Plaintiff seeks, *inter alia*, statutory, actual and punitive damages, attorney's fees and costs, and preliminary and permanent injunctive relief "to stop Defendants from engaging in the conduct described above." FAC, Prayer for Relief.

### III. LEGAL STANDARDS FOR A MOTION TO DISMISS

Motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) test the legal sufficiency of the complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)); *see also Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) ("A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949; *see also Twombly*, 127 S. Ct. at 1959 (Mere "labels and conclusions" and/or "formulaic recitation[s] of the elements of a cause of action" will not suffice to overcome a motion to dismiss. (Citations omitted)). Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 127 S. Ct. at 1959. To determine whether a complaint states a plausible claim for relief, the court must rely on its "judicial experience and common sense." *Id.* at 1950. "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Twombly*, 127 S. Ct. at 1974.

A district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962)).

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • PALO ALTO

1316247.1
- 4 -
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## IV. THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT IN ITS ENTIRETY

### A. Plaintiff's First Cause of Action Fails to State a Claim for Violation of the FCRA

Plaintiff appears to allege that Defendants failed to conduct a reasonable investigation after receiving notice of Plaintiff's dispute. Plaintiff then alleges that Defendants' credit reporting was incomplete, inaccurate and/or misleading due to the pendency of Plaintiff's confirmed chapter 13 bankruptcy case, notwithstanding that Plaintiff has not received her discharge. As discussed herein, these claims all fail.

#### 1. Plaintiff Fails to Allege That Defendants Acted Willfully or Negligently

Plaintiff must allege a willful or negligent violation of the FCRA in order to state a private right of action under the statute. *Gorman v. Wolpoff v. Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). Nowhere in her claim for relief alleged under the FCRA does Plaintiff allege that Credit Recovery Associates or Regional Finance Corporation acted either willfully or negligently. As recognized by the Court in its Order Granting Credit Recovery Associate[s] Inc.'s Motion to Dismiss With Leave to Amend ("Order") ECF No. 68, this allegation is "required for Plaintiff to have a private right of action" under the FCRA. Order, 6:16-17; see also 15 U.S.C. §§ 1681n, o. Nor does the Amended Complaint provide any factual allegations to support that Defendants acted willfully or negligently in allegedly violating the FCRA. Without facts demonstrating that Defendants acted willfully or negligently, "Plaintiff cannot bring any claims under the FCRA." Order, 6:24-25. The Court opined as such in its *Abbot v. Experian* decision, on very similar facts. *See Abbot,* 15-CV-05541-LHK, 2016 WL 1365950, at *3 (N.D. Cal. Apr. 6, 2016) (dismissing FCRA claim based on virtually identical allegations when the plaintiff failed to allege that the defendant acted either willfully or negligently). Because the Amended Complaint fails to state a private right of action under the FCRA, Plaintiff's first claim for relief should be dismissed without leave to amend.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

1316247.1                                - 5 -
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

### 2. Plaintiff Fails to Allege Facts Which Demonstrate That Defendants Failed to Conduct a Reasonable Investigation

The FCRA requires creditors to provide accurate information to the Bureaus, and investigate the accuracy of reported information upon receipt of a notice of dispute. See 15 U.S.C. §1681s-2. Subsection 1681-2(b) of the FCRA provides that, after receiving a notice of dispute, a furnisher of credit information to the Bureaus shall:

> (A) conduct an investigation with respect to the **disputed information;**
> (B) review all relevant information provided by the consumer reporting agency …;
> (C) report the results of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information …; and
> (E) if **an item of information disputed by the consumer** is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1) …
>     (i) modify that item of information;
>     (ii) delete that item of information; or
>     (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1) (emphasis supplied).

Significantly, the FCRA's reinvestigation procedures "ha[ve] been drawn with extreme care," engendering no liability unless the furnisher violates the literal letter of the law. See *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002). The Ninth Circuit has held that such an investigation must be 'reasonable.' *Gorman*, 584 F.3d at 1157. Citing *Gorman*, the Court's Order notes that "whether a reinvestigation conducted by a furnisher in response to a consumer's notice of dispute is reasonable depends in large part on the allegations provided to the furnisher by the credit reporting agency." Order, 7:9-11 (citing *Gorman*, at 1160).

Plaintiff's focus as to the reasonableness of Defendants' investigations is misplaced. Plaintiff merely alleges that she "disputed" the allegedly inaccurate tradelines. FAC ¶ 11. The Amended Complaint states no allegations which expand on the information included in Plaintiff's dispute to the Bureaus. Indeed, Plaintiff alleges no facts which would suggest that Defendants

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • PALO ALTO

1316247.1     - 6 -
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

were obligated to review the terms of Plaintiff's confirmed chapter 13 plan, investigate the treatment of their claims in Plaintiff's bankruptcy case, or analyze the bankruptcy court's confirmation order in investigating the accuracy of Plaintiff's dispute. FAC ¶ 15. In sum, the Amended Complaint is devoid of any facts which would indicate that Defendants' investigation was in any way unreasonable based on Plaintiff's "dispute" as alleged therein.

Further, to the extent Plaintiff alleges that Defendants' investigation was unreasonable because Defendants failed to correct the allegedly inaccurate reporting after Plaintiffs' second dispute, the Ninth Circuit has explicitly rejected that argument. The Court noted this fact in its Order. See Order, 7:20-26, 8:1 (citing *Gorman*, 584 F.3d at 1161; see also *Abbot*, 2016 WL 1365950, at *4 [dismissing virtually identical FCRA claim for failure to conduct a reasonable investigation]).

Once again, Plaintiff's failure to cite facts in support of this implausible theory underlying her FCRA claim warrants dismissal of the first cause of action without leave to amend.

### 3. Plaintiff Fails to Allege Facts Which Demonstrate That Defendants Reported Inaccurate or Misleading Credit Information

The Ninth Circuit has determined that information can be "incomplete or inaccurate" within the meaning of the FCRA "because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Gorman*, 584 F.3d at 1163. Thus, omitting the disputed nature of a debt, if the dispute could materially alter how the reported debt is understood, may be "incomplete or inaccurate" reporting. *Id.*, at 1163-64.

Many courts, including several in this District involving closely analogous factual situations, have held that reports of delinquencies in payment during bankruptcy proceedings are not "incomplete and inaccurate" information for the purposes of the FCRA. See e.g., *Giovanni v. Bank of Am., N.A.*, 2012 WL 6599681, at *5-*6 (N.D. Cal. Dec. 18, 2012)("*Giovanni I*")(rejecting plaintiff's contention that reporting derogatory credit information during a bankruptcy stay inaccurately indicates that the account is in active status and subject to collection); *Giovanni v. Bank of Am., N.A.*, 2013 WL 1663335, at *5 (N.D. Cal. Apr. 17, 2013)("[Creditor] moves to

Hopkins & Carley
Attorneys At Law
San Jose • Palo Alto

1316247.1

- 7 -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

dismiss to the extent Giovanni's claims are premised on [creditor]'s reporting delinquent payments while her bankruptcy petition was pending.... The court previously dismissed Giovanni's claims on this basis and does so again here for the same reasons."); *Mortimer v. Bank of Am., N.A.*, 2013 WL 57856, *7 (N.D. Cal. Jan. 3, 2013)("*Mortimer II*")("The debtor is under no legal obligation to pay [] discharged debts.... However, this does not change the underlying fact that, during the pendency of the bankruptcy, the account was delinquent."); *Mortimer v. Bank of Am., N.A.*, 2013 WL 1501452, *10 (N.D. Cal. Apr. 10, 2013)("*Mortimer III*")("The automatic stay does not render an otherwise accurate report of a delinquency inaccurate for the purposes of the FCRA."); *Mortimer I, supra*, 2012 WL 3155563, at *3-*4 ("While it might be good policy … to bar reporting of late payments while a bankruptcy petition is pending, neither the bankruptcy code nor the FCRA does so.").[1]

As established by these and many other decisions, a delinquent debt remains delinquent prior to discharge and therefore can be reported during the bankruptcy. What is more, Plaintiff is not entitled to have the debt reported as discharged simply because her chapter 13 plan was confirmed. Plan confirmation, and the subsequent discharge of debts, are entirely separate and distinct concepts under the Bankruptcy Code. Compare, e.g., 11 U.S.C. §1325 (listing the requirements for a chapter 13 plan's confirmation), and 11 U.S.C. §1328 (providing that, subject to certain conditions, "the court shall grant the debtor a discharge of all debts provided for by the plan … after completion by the debtor of all payments under the plan…."). See also *In re Jones*, 2011 WL 5025329, *5 (Bankr. E.D. Va. Oct. 21, 2011) ("At bottom, the Debtor is seeking to have the [subject] debt reported as discharged upon the confirmation of her Amended Plan, prior to her discharge. This is inconsistent with the [Bankruptcy] Code itself, which provides that Debtor shall receive a discharge only upon completion of her plan payments….")

In the Order, the Court noted that there may be certain circumstances where reporting a delinquent debt may be misleading, including where the report fails to indicate that a debt is disputed or part of a bankruptcy. Order, 9:4-11 (citing *Mortimer III*, 2013 WL 1501452, at *4 and

---

[1] Plaintiff's counsel in this case served as the plaintiffs' attorneys in both *Giovanni I* and *Giovanni II*, as well as all three of the *Mortimer* cases. Thus, counsel should be well aware of this precedent.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • PALO ALTO

1316247.1 - 8 -
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Venugopal v. Digital Fed. Credit Union*, 2013 WL 1283436, at *3 (N.D. Cal. Mar. 27, 2013)). Both *Mortimer III* and *Venugopal* are inapposite to the instant case in crucially distinguishable ways: *Mortimer III* was a post-discharge chapter 7 case, and the *Venugopal* debtor not only discharged his debt in chapter 7 but also disputed the veracity of the debt prior to filing his bankruptcy case.

As alleged in the Amended Complaint here: (i) the debtor filed a chapter 13 case; (ii) the debtor has not received her discharge; (iii) the debtor does not allege that she paid the subject debt; and (iv) the debtor does not allege that she challenges the veracity of the debt. These allegations do not create the rare set of circumstances where Defendants' reporting of a delinquent debt during a bankruptcy case might be misleading.

Further, Plaintiff alleges that she has confirmed her chapter 13 plan. As Plaintiff is a current bankrupt debtor, any credit reporting that indicates an accurately reported delinquent or charged off debt does not give rise to a "materially misleading" reported debt such that it could be expected to adversely affect any decision impacting Plaintiff's credit. FAC ¶¶ 5, 9-10.

As the Amended Complaint fails to allege facts which state a viable claim for violation of the FCRA against Defendants, the Court should dismiss the first claim for relief without leave to amend.

### B. Plaintiff's Second Cause of Action Fails to State a Claim for Violation of the CCRAA

Plaintiff's second cause of action alleges that Defendants violated California's CCRAA. This claim fails, however, because the CCRAA does not apply to Defendants.

Specifically, the CCRAA does not apply to those who **furnish** information to a credit reporting agency. As explained in *Pulver v. Avco Fin. Servs.*, 182 Cal.App.3d 622, 633 (1985):

> [The CCRAA] gives the consumer an action for damages against a credit reporting agency or a user of information for violation of its provisions.... **[I]t does not extend liability to one who furnishes information to a credit reporting agency**.... [T]he purpose of the [CCRAA] is to regulate consumer creditor reporting agencies, not those who furnish information to such agencies.

*Id.* (emphasis added.)

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • PALO ALTO

1316247.1

- 9 -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

California district courts have affirmed *Pulver*, having held that private plaintiffs cannot bring CCRAA claims against a furnisher of credit information. *Samuel v. CitiMortgage, Inc.,* 2013 WL 1501491, *4 (N.D. Cal. Apr. 10, 2013) ("Defendant asserts that section 1785.31, which allows private plaintiffs to bring an action under the CCRA[A], does not apply to actions against furnishers of credit information. The Court agrees."); *accord Miller v. Bank of Am., N.A.,* 858 F. Supp.2d 1118, 1125 (S.D. Cal. Mar. 14, 2012) ("Plaintiff makes no allegations that Defendant is a user of information or a credit reporting agency.... Thus, section 1785.31 does not authorize Plaintiff to bring a CCRA claim against Defendant.").

Here, Plaintiff does not—and cannot—allege that Defendants are credit reporting agencies. The Amended Complaint cannot correct this material deficiency. Thus, to the extent that Plaintiff takes issue with Defendants' furnishing of information to the Bureaus, the second cause of action is fatally defective. Because liability under the CCRAA does not extend to Defendants as a matter of law, Plaintiff's second cause of action should be dismissed without leave to amend.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's Amended Complaint in its entirety. Moreover, the Court should dismiss the Amended Complaint without leave to amend due to Plaintiff's repeated and prejudicial failure to correct the deficiencies evident on the face of the Amended Complaint.

Dated: May 26, 2016

Respectfully submitted,

HOPKINS & CARLEY
A Law Corporation

By: /s/ Breck E. Milde
 Breck E. Milde
 Monique D. Jewett-Brewster
 Attorneys for Defendants
 Credit Recovery Associates, Inc. and
 Regional Finance Corporation

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • PALO ALTO

1316247.1

- 10 -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF