UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAQUEL BLAKENEY,<br><br>            Plaintiff,<br><br>      v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>            Defendants. | Case No. 15-CV-05544-LHK<br><br>**ORDER GRANTING CREDIT RECOVERY ASSOCIATES AND REGIONAL FINANCE CORPORATION'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 47 |

Before the Court is a motion to dismiss Plaintiff's First Amended Complaint filed by Defendants Credit Recovery Associates, Inc. ("Credit Recovery Associates") and Regional Finance Corporation ("Regional Finance"). ECF No. 83. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the motion hearing set for August 18, 2016, at 1:30 p.m. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS the motion to dismiss with prejudice. The case management conference for Plaintiff and remaining Defendant Ascension Services, L.P. remains as set on August 18, 2016 at 1:30 p.m.

1

Case No. 15-CV-05544-LHK
ORDER GRANTING CREDIT RECOVERY ASSOCIATES AND REGIONAL FINANCE CORPORATION'S MOTION TO DISMISS

## I. BACKGROUND

### A. Factual Background

On November 7, 2014, Plaintiff filed for Chapter 13 bankruptcy. ECF No. 82 ("FAC") ¶ 5. "Chapter 13 of the Bankruptcy Code affords individuals receiving regular income an opportunity to obtain some relief from their debts while retaining their property. To proceed under Chapter 13, a debtor must propose a plan to use future income to repay a portion (or in the rare case all) of his debts over the next three to five years." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1690 (2015). "If the bankruptcy court confirms the plan and the debtor successfully carries it out, he receives a discharge of his debts according to the plan." *Id.* at 1690.

In the instant case, Plaintiff's bankruptcy plan was confirmed on May 30, 2015. FAC ¶ 5. Plaintiff alleges that approximately 43% of Plaintiff's debt to Credit Recovery Associates was to be paid under the terms of Plaintiff's bankruptcy plan. *Id.* ¶ 9. Plaintiff does not allege whether any of Plaintiff's debt to Regional Finance was to be paid under the terms of Plaintiff's bankruptcy plan, though Plaintiff does allege that Regional Finance was bound by the terms of Plaintiff's bankruptcy plan. *Id.* ¶ 10. Plaintiff does not allege that Plaintiff has successfully paid her debt according to the plan, or that Plaintiff's debt has been discharged.

On September 3, 2015, Plaintiff ordered a three-bureau credit report from Equifax, Inc. ("Equifax"). *Id.* ¶ 6. In the report, Plaintiff allegedly "noticed several tradelines on the September 3, 2015 credit report all reporting misleading and inaccurate information." *Id.* ¶ 7. Plaintiff alleges that Credit Recovery Associates was reporting Plaintiff's account "as owing both a balance of $649, monthly payments due in the amount of $60, [and] a past due balance of $909." *Id.* ¶ 9. Plaintiff alleges that Regional Finance Corporation was reporting that Plaintiff's account was "in collections and charged off" without referencing Plaintiff's bankruptcy filing. *Id.* ¶ 10.

In response to the report, on October 18, 2015, Plaintiff disputed the allegedly inaccurate tradelines with the three credit reporting bureaus: Equifax, Experian Information Solutions, Inc. ("Experian"), and TransUnion, LLC ("TransUnion"). *Id.* ¶ 11. According to Plaintiff, each credit reporting bureau sent Credit Recovery Associates and Regional Finance a notification that

2

Case No. 15-CV-05544-LHK
ORDER GRANTING CREDIT RECOVERY ASSOCIATES AND REGIONAL FINANCE CORPORATION'S MOTION TO DISMISS

Plaintiff was disputing the accuracy of the credit report. *Id.* ¶ 12.

On November 24, 2015, Plaintiff ordered a three-bureau credit report from Equifax. *Id.* ¶ 13. Plaintiff allegedly learned that the credit report still reported "the same inaccuracies" as the previous report. *Id.* ¶ 14. Plaintiff alleges that Credit Recovery Associates and Regional Finance failed to conduct a reasonable investigation into Plaintiff's dispute because they failed to review the terms of Plaintiff's bankruptcy plan or investigate the impact of the bankruptcy plan. *Id.* ¶ 13. Plaintiff additionally alleges that Credit Recovery Associates "supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's [C]hapter 13 filing and confirmation of the repayment plan, that the account was in collections, charged off, and that both a balance and past due balance were owed to Defendant Credit Recovery Associates, despite the treatment of its claims under the terms of Plaintiff's confirmed [C]hapter 13 repayment plan." *Id.* ¶ 23. As to Regional Finance, Plaintiff alleges that Regional Finance "supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's [C]hapter 13 filing and confirmation of the repayment plan, that the account was in collections and charged off with no mention of Plaintiff's [C]hapter 13 filing, despite the treatment of the claim under the terms of Plaintiff's confirmed [C]hapter 13 repayment plan." *Id.* ¶ 24.

**B. Procedural History**

On December 3, 2015, Plaintiff filed the instant complaint against Credit Recovery Associates and Regional Finance as well as against Defendants Experian; Equifax; TransUnion; Ascension Services, L.P. ("Ascension Services"); and Capital One, National Association ("Capital One"). ECF No. 1.

On December 29, 2015, Equifax and Experian answered Plaintiff's complaint. ECF Nos. 15, 18. TransUnion answered Plaintiff's complaint on December 30, 2015. ECF No. 22. Capital One answered Plaintiff's complaint on February 23, 2016. ECF No. 45.

The Court granted a stipulation of dismissal with prejudice as to TransUnion on February 11, 2016. ECF No. 36. The Court granted a stipulation of dismissal with prejudice as to Equifax

1    on April 1, 2016.  ECF No. 60.  The Court granted a stipulation of dismissal with prejudice as to

2    Capital One on April 28, 2016.  ECF No. 80.  The Court granted a stipulation of dismissal with

3    prejudice as to Experian on May 31, 2016.  ECF No. 86.  Thus, there are three remaining

4    Defendants: Credit Recovery Associates, Regional Finance, and Ascension Services.

5         Credit Recovery Associates filed a motion to dismiss on February 24, 2016.  ECF No. 47.

6    Plaintiff opposed the motion on March 9, 2016.  ECF No. 55.  Credit Recovery Associates replied

7    on March 16, 2016.  ECF No. 58.  The Court granted Credit Recovery Associates' motion to

8    dismiss with leave to amend on April 15, 2016.  ECF No. 68.  The Court cautioned Plaintiff that

9    "failure to cure the deficiencies identified in [the Court's order on Credit Recovery Associates'

10   motion to dismiss] will result in a dismissal with prejudice of Plaintiff's claims."  *Id.*

11        Plaintiff filed the First Amended Complaint on May 9, 2016.  FAC, ECF No. 82.  In the

12   First Amended Complaint, Plaintiff asserts that Credit Recovery Services, Regional Finance, and

13   Ascension Services violated the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-

14   2(b).  Plaintiff also asserts that Credit Recovery Associates, Ascension Services, and Regional

15   Finance violated California's Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ.

16   Code § 1785.25(a).

17        Credit Recovery Services and Regional Finance together filed the instant motion to dismiss

18   on May 26, 2016.  ECF No. 88 ("Mot.").  Plaintiff filed a response on June 9, 2016.  ECF No. 87

19   ("Opp.").  Credit Recovery Services and Regional Finance filed a reply on June 16, 2016.  ECF

20   No. 88 ("Reply").

21   **II.   LEGAL STANDARD**

22      **A. Rule 12(b)(6) Motion to Dismiss**

23        Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a

24   short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint

25   that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6).  Rule 8(a) requires a

26   plaintiff to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl.*

27   
28

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).  Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam).  Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

**B. Leave to Amend**

If the court concludes that the complaint should be dismissed, it must then decide whether to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (ellipsis in original).  Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512

F.3d 522, 532 (9th Cir. 2008) (brackets in original).

## III.   DISCUSSION

### A. Plaintiff's FCRA Claim

The Court first addresses Plaintiff's FCRA claim, and then turns to Plaintiff's CCRAA claim. Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)).  To ensure that credit reports are accurate, "the FCRA imposes some duties on the sources that provide credit information to [consumer reporting agencies], called 'furnishers' in the statute." *Id.*  Certain obligations are triggered "upon notice of dispute"—that is, when a person or entity who furnished information to a consumer reporting agency receives notice from the consumer reporting agency that the consumer disputes the information. *Id.* at 1154. Subsection 1681-2(b) of the FCRA provides that, after receiving a notice of dispute, the furnisher shall:

> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency . . .;
> (C) report the results of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information . . .; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1) . . .
>
>   (i) modify that item of information;
>   (ii) delete that item of information; or
>   (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1).  The FCRA creates a private right of action for willful or negligent noncompliance with this subsection. *Gorman*, 584 F.3d at 1154 (citing 15 U.S.C. §§ 1681n, o).

Plaintiff asserts that Credit Recovery Associates and Regional Finance are "furnishers" under the FCRA and that Credit Recovery Associates and Regional Finance received from the credit reporting bureaus "notification that Plaintiff was disputing the accuracy of what it was reporting." FAC ¶¶ 12, 19.  After receiving notice of Plaintiff's dispute, Credit Recovery

6

Case No. 15-CV-05544-LHK
ORDER GRANTING CREDIT RECOVERY ASSOCIATES AND REGIONAL FINANCE CORPORATION'S MOTION TO DISMISS

Associates and Regional Finance allegedly violated the FCRA in two ways: (1) failing to conduct a reasonable investigation, in violation of § 1681s-2(b)(1)(A); and (2) failing to correct their reporting of inaccurate information, in violation of § 168s-2(b)(1)(C)–(E). Credit Recovery Associates and Regional Finance do not dispute that these are cognizable FCRA claims, but contend that Plaintiff fails to sufficiently plead facts to support these claims. The Court previously granted Credit Recovery Associates' motion to dismiss Plaintiff's FCRA claim for failure to sufficiently plead facts to support either a claim for failure to conduct a reasonable investigation or a claim for failure to correct the reporting of inaccurate information. The Court addresses Plaintiff's two theories of FCRA liability in turn.

First, the Court notes that Plaintiff's First Amended Complaint fails to allege that Credit Recovery Associates and Regional Finance acted either willfully or negligently, as required for Plaintiff to have a private right of action. *See Gorman*, 584 F.3d at 1154; 15 U.S.C. §§ 1681n, o. As this Court held in granting Credit Recovery Associate's prior motion to dismiss, Plaintiff cannot bring any claims under the FCRA without alleging that the alleged violations of the FCRA were willful or negligent. *See* ECF No. 80. Because Plaintiff still fails to allege that Credit Recovery Associates and Regional Finance violated the FCRA willfully or negligently, Plaintiff cannot bring any claims under the FCRA. *See id.*; *see also Thompson v. Bank of Am., N.A.*, 2015 WL 355707, at *2 (N.D. Cal. Jan. 27, 2015) (dismissing FCRA claim when plaintiff alleged the defendant acted "knowingly and willfully" without providing any factual basis for the allegation).

Apart from the private right of action, the Court identifies additional reasons to dismiss Plaintiff's FCRA claim. As to Plaintiff's first theory of liability, the FCRA requires a furnisher to "conduct an investigation with respect to the disputed information" after the furnisher receives notice of a dispute from a consumer reporting agency. 15 U.S.C. § 1681s-2(b)(1). The Ninth Circuit has held that such an investigation must be "reasonable." *Gorman*, 584 F.3d at 1157. "[W]hether a reinvestigation conducted by a furnisher in response to a consumer's notice of dispute is reasonable depends in large part on the allegations provided to the furnisher by the

7

Case No. 15-CV-05544-LHK
ORDER GRANTING CREDIT RECOVERY ASSOCIATES AND REGIONAL FINANCE CORPORATION'S MOTION TO DISMISS

credit reporting agency." *Id.* at 1160 (ellipses omitted). The only allegations in the First Amended Complaint regarding the allegations provided to the furnishers by the credit reporting agencies is that "Plaintiff disputed the inaccurate tradelines via certified mail" and that "each credit agency sent each Defendant notification that Plaintiff was disputing the accuracy of what it was reporting to them." FAC ¶¶ 11, 12. Plaintiff then alleges that Credit Recovery Associates and Regional Finance failed to conduct a reasonable investigation because they did not review the terms of Plaintiff's bankruptcy plan and did not investigate the impact of the bankruptcy plan. *Id.* ¶ 15. However, Plaintiff does not allege that Plaintiff's dispute to the credit reporting agencies of the allegedly inaccurate tradelines mentioned Plaintiff's bankruptcy plan, nor does Plaintiff allege that the credit reporting agencies notified Credit Recovery Associates and Regional Finance that Plaintiff's dispute centered on Plaintiff's bankruptcy plan. Thus, because "whether a reinvestigation conducted by a furnisher in response to a consumer's notice of dispute is reasonable depends in large part on the allegations provided to the furnisher by the credit reporting agency," *Gorman*, 584 F.3d at 1157, Plaintiff has not sufficiently alleged that Credit Recovery Associates and Regional Finance reasonably should have reviewed Plaintiff's bankruptcy plan.

As to Plaintiff's second theory of liability, the FCRA requires a furnisher, upon receiving notice of a dispute, to report the results of the investigation and "if the investigation finds that the information is incomplete or inaccurate, report" and correct those results. 15 U.S.C. § 1681s-2(b)(1)(C)–(E); *see also Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1106 (9th Cir. 2012) ("Upon being notified of a dispute by a [credit reporting agency], a furnisher must investigate and, if necessary, correct the information it reports."). Information can be "incomplete or inaccurate" within the meaning of the FCRA "because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Gorman*, 584 F.3d at 1163. Accordingly, omitting the disputed nature of a debt, if the dispute could materially alter how the reported debt is understood, may be "incomplete or inaccurate"

8
Case No. 15-CV-05544-LHK
ORDER GRANTING CREDIT RECOVERY ASSOCIATES AND REGIONAL FINANCE CORPORATION'S MOTION TO DISMISS

1  reporting. *See id.* at 1163–64.

2  In the instant case, Plaintiff alleges that Credit Recovery Associates "supplied inaccurate
3  and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's
4  [C]hapter 13 filing and confirmation of the repayment plan, that the account was in collections,
5  charged off, and that both a balance and past due balance were owed to Defendant Credit Recovery
6  Associates, despite the treatment of its claims under the terms of Plaintiff's confirmed [C]hapter 13
7  repayment plan." *Id.* ¶ 23. Plaintiff does not assert that the account was not in collection or
8  charged off, that the balance on the account was not past due, or that no balance was owed.

9  As to Regional Finance, Plaintiff alleges that Regional Finance "supplied inaccurate and
10 misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's [C]hapter
11 13 filing and confirmation of the repayment plan, that the account was in collections and charged
12 off with no mention of Plaintiff's [C]hapter 13 filing, despite the treatment of the claim under the
13 terms of Plaintiff's confirmed [C]hapter 13 repayment plan." *Id.* ¶ 24. As with Credit Recovery
14 Associates, Plaintiff does not assert that the Regional Finance account was not in collection or
15 charged off.

16 Credit Recovery Associates and Regional Finance argue that, as a matter of law, it is
17 neither misleading nor inaccurate to report delinquent debts during the pendency of a bankruptcy
18 proceeding prior to the discharge of the debts. Courts in this district have found that reporting
19 delinquent payments during bankruptcy may be misleading if the furnisher omits to report that the
20 debts were discharged. *See Mortimer v. Bank of Am., N.A.*, No. C-12-01959 JCS, 2013 WL
21 1501452, at *4 (N.D. Cal. Apr. 10, 2013) (finding that reporting delinquencies during the
22 pendency of bankruptcy is not misleading so long as the creditor reports that the account was
23 discharged through bankruptcy and the outstanding balance is zero); *Venugopal v. Digital Fed.*
24 *Credit Union*, No. 12-CV-06067 EJD, 2013 WL 1283436, at *3 (N.D. Cal. Mar. 27, 2013)
25 (holding that reporting of historically accurate debt may violate the FCRA when the reporting did
26 not include that the debt was discharged in bankruptcy or that the debt was in dispute).

27
28 
9
Case No. 15-CV-05544-LHK
ORDER GRANTING CREDIT RECOVERY ASSOCIATES AND REGIONAL FINANCE CORPORATION'S
MOTION TO DISMISS

However, courts in this district have consistently held that it is not misleading or inaccurate to report delinquent debts that have *not* been discharged. *See Mortimer v. JP Morgan Chase Bank, N.A.*, No. C 12-1936 CW, 2012 WL 3155563, at *3 (N.D. Cal. Aug. 2, 2012) ("While it might be good policy in light of the goals of bankruptcy protection to bar reporting of late payments while a bankruptcy petition is pending, neither the bankruptcy code nor the FCRA does so."); *see also Mortimer v. Bank of Am., N.A.*, No. C-12-01959 JCS, 2013 WL 1501452, at *4 (N.D. Cal. Apr. 10, 2013) (finding that reporting delinquencies during the pendency of bankruptcy is not misleading so long as the creditor reports that the account was discharged through bankruptcy and the outstanding balance is zero); *Giovanni v. Bank of America, N.A.*, No. C 12-02530 LB, 2013 WL 1663335, at *6 (N.D. Cal. April 17, 2013) (holding that it was not misleading or inaccurate for a furnisher to report overdue payments on debtor's account during pendency of Chapter 7 bankruptcy petition but prior to discharge); *Giovanni v. Bank of America, N.A.*, No. C 12-02530 LB, 2012 WL 6599681, at *6 (N.D. Cal. Dec. 18, 2012) (same).

In the instant case, Plaintiff's bankruptcy plan has been confirmed but Plaintiff's debts have not yet been discharged. Confirmation of Plaintiff's Chapter 13 bankruptcy plan is not equivalent to discharge of Plaintiff's debts, and Plaintiff is not entitled to receive a discharge of debts covered under Plaintiff's Chapter 13 bankruptcy plan until Plaintiff has completed all payments provided for under the Chapter 13 bankruptcy plan. 11 U.S.C. § 1328 (providing that "the court shall grant the debtor a discharge of all debts provided for by the plan . . . after completion by the debtor of all payments under the plan" subject to certain conditions). Thus, it was not misleading or inaccurate for Credit Recovery Associates and Regional Finance to report Plaintiff's delinquent debts. Because Plaintiff's debts have not been discharged, Credit Recovery Associates and Regional Finance had no obligation to reference Plaintiff's bankruptcy proceeding. *See Mortimer v. JP Morgan Chase Bank, N.A.*, 2012 WL 3155563, at *3 ("While it might be good policy in light of the goals of bankruptcy protection to bar reporting of late payments while a bankruptcy petition is pending, neither the bankruptcy code nor the FCRA does so.").

Accordingly, the Court GRANTS the motion to dismiss Plaintiff's FCRA cause of action as to Credit Recovery Associates and Regional Finance.

In granting Credit Recovery Associates' first motion to dismiss Plaintiff's FCRA claim, the Court cautioned Plaintiff that failure to cure the deficiencies in Plaintiff's claim would lead to dismissal with prejudice. As Plaintiff's First Amended Complaint has not cured the deficiencies identified in the Court's prior order, the Court concludes that further amendment would be futile. Accordingly, Plaintiff's FCRA claim is dismissed with prejudice. *See Lopez*, 203 F.3d at 1127 (holding that "a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts").

### B. Plaintiff's Claim under Cal. Civ. Code § 1785.25(a)

Section 1785.25(a) of the CCRAA provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code. § 1785.25(a). The CCRAA provides for a private right of action to enforce this provision. *Id.* §§ 1785.25(g), 1785.31(a). "[B]ecause the CCRAA 'is substantially based on the Federal Fair Credit Reporting Act, judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions.'" *Carvalho v. Equifax Info. Servs. LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (quoting *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 12 (2003)).

Similar to Plaintiff's FCRA claim, Plaintiff asserts that Credit Recovery Associates and Regional Finance violated the CCRAA by reporting the same alleged "misleading and inaccurate account information" as alleged in Plaintiff's FCRA claim. FAC ¶ 27. The parties' arguments about the accuracy and completeness of this information in the context of a CCRAA claim mirror the parties' FCRA claim arguments. For the reasons stated above, Plaintiff has not sufficiently alleged that Credit Recovery Associates or Regional Finance reported any inaccurate or incomplete information. Accordingly, the Court need not address the Defendants' argument that

11
Case No. 15-CV-05544-LHK
ORDER GRANTING CREDIT RECOVERY ASSOCIATES AND REGIONAL FINANCE CORPORATION'S MOTION TO DISMISS

the CCRAA does not provide a private right of action against furnishers of credit information. Therefore, the Court GRANTS the motion to dismiss Plaintiff's CCRAA claim as to Credit Recovery Associates and Regional Finance.

As with Plaintiff's FCRA claim, the Court in its order on Credit Recovery Associates' prior motion to dismiss cautioned Plaintiff that failure to cure the deficiencies in Plaintiff's CCRAA claim would lead to dismissal with prejudice. As Plaintiff's First Amended Complaint has not cured the deficiencies identified in the Court's prior order, the Court concludes that further amendment would be futile. Accordingly, Plaintiff's CCRAA claim is dismissed with prejudice. *See Lopez*, 203 F.3d at 1127.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to dismiss filed by Credit Recovery Associates and Regional Finance with prejudice. The Clerk shall enter judgment in favor of Credit Recovery Associates and Regional Finance.

**IT IS SO ORDERED.**

Dated: August 15, 2016

_____
LUCY H. KOH
United States District Judge

12
Case No. 15-CV-05544-LHK
ORDER GRANTING CREDIT RECOVERY ASSOCIATES AND REGIONAL FINANCE CORPORATION'S MOTION TO DISMISS