1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12 | RAQUEL BLAKENEY,

Case No. 15-CV-05544-LHK

13 |         Plaintiff,

**ORDER DENYING MOTION FOR
LEAVE TO FILE A MOTION FOR
RECONSIDERATION OF THE
COURT'S ORDER GRANTING
DEFENDANT CREDIT RECOVERY
ASSOCIATES, INC.'S AND REGIONAL
FINANCE CORPORATION'S MOTION
TO DISMISS**

14 |         v.

15 | ASCENSION SERVICES, L.P.,

16 |         Defendant.

17

18

Re: Dkt. No. 103

19          Before the Court is Plaintiff's Motion for Leave to File a Motion for Reconsideration of

20 the Court's Order Granting Defendant Credit Recovery Associates, Inc.'s and Regional Finance

21 Corporation's Motion to Dismiss.  ECF No. 103 ("Mot.").  Plaintiff brings this motion pursuant to

22 Civil Local Rule 7-9.  As discussed further below, Plaintiff's motion is improperly brought

23 pursuant to Civil Local Rule 7-9 because Plaintiff effectively seeks to alter the judgment entered

24 in favor of Credit Recovery Associates, Inc. ("Credit Recovery") and Regional Finance

25 Corporation ("Regional Finance") on August 15, 2016.  ECF No. 99.  Thus, the Court construes

26 Plaintiff's motion as a motion to alter or amend the judgment under Federal Rule of Civil

27 Procedure 59(e).  Having considered the parties' briefing, the relevant law, and the record in this

28

United States District Court
Northern District of California

1   case, the Court DENIES Plaintiff's motion for leave to file a motion for reconsideration under

2   Civil Local Rule 7-9, and DENIES Plaintiff's motion to alter or amend the judgment under Rule

3   59(e).

4   **I.      BACKGROUND**

5       **A.      Factual Background**

6          On November 7, 2014, Plaintiff filed for Chapter 13 bankruptcy.  ECF No. 82 ("FAC")

7   ¶ 5.  "Chapter 13 of the Bankruptcy Code affords individuals receiving regular income an

8   opportunity to obtain some relief from their debts while retaining their property.  To proceed under

9   Chapter 13, a debtor must propose a plan to use future income to repay a portion (or in the rare

10  case all) of his debts over the next three to five years."  *Bullard v. Blue Hills Bank*, 135 S. Ct.

11  1686, 1690 (2015).  "If the bankruptcy court confirms the plan and the debtor successfully carries

12  it out, he receives a discharge of his debts according to the plan."  *Id.* at 1690.

13         In the instant case, Plaintiff's bankruptcy plan was confirmed on May 30, 2015.  FAC ¶ 5.

14  Plaintiff alleges that approximately 43% of Plaintiff's debt to Credit Recovery was to be paid

15  under the terms of Plaintiff's bankruptcy plan.  *Id.* ¶ 9.  Plaintiff does not allege whether any of

16  Plaintiff's debt to Regional Finance was to be paid under the terms of Plaintiff's bankruptcy plan,

17  though Plaintiff does allege that Regional Finance was bound by the terms of Plaintiff's

18  bankruptcy plan.  *Id.* ¶ 10.  Plaintiff does not allege that Plaintiff has successfully paid her debt

19  according to the plan, or that Plaintiff's debt has been discharged.

20         On September 3, 2015, Plaintiff ordered a three-bureau credit report from Equifax, Inc.

21  ("Equifax").  *Id.* ¶ 6.  In the report, Plaintiff allegedly "noticed several tradelines on the September

22  3, 2015 credit report all reporting misleading and inaccurate information."  *Id.* ¶ 7.  Plaintiff

23  alleges that Credit Recovery was reporting Plaintiff's account "as owing both a balance of $649,

24  monthly payments due in the amount of $60, [and] a past due balance of $909."  *Id.* ¶ 9.  Plaintiff

25  alleges that Regional Finance was reporting that Plaintiff's account was "in collections and

26  charged off" without referencing Plaintiff's bankruptcy filing.  *Id.* ¶ 10.

27         In response to the report, on October 18, 2015, Plaintiff disputed the allegedly inaccurate

28

*United States District Court*
*Northern District of California*

Case No. 15-CV-05544-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION

tradelines with the three credit reporting bureaus: Equifax, Experian Information Solutions, Inc. ("Experian"), and TransUnion, LLC ("TransUnion"). *Id.* ¶ 11. According to Plaintiff, each credit reporting bureau sent Credit Recovery and Regional Finance a notification that Plaintiff was disputing the accuracy of the credit report. *Id.* ¶ 12.

On November 24, 2015, Plaintiff ordered a three-bureau credit report from Equifax. *Id.* ¶ 13. Plaintiff allegedly learned that the credit report still reported "the same inaccuracies" as the previous report. *Id.* ¶ 14. Plaintiff alleges that Credit Recovery and Regional Finance failed to conduct a reasonable investigation into Plaintiff's dispute because they failed to review the terms of Plaintiff's bankruptcy plan or investigate the impact of the bankruptcy plan. *Id.* ¶ 13. Plaintiff additionally alleges that Credit Recovery "supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's [C]hapter 13 filing and confirmation of the repayment plan, that the account was in collections, charged off, and that both a balance and past due balance were owed to Defendant Credit Recovery, despite the treatment of its claims under the terms of Plaintiff's confirmed [C]hapter 13 repayment plan." *Id.* ¶ 23. As to Regional Finance, Plaintiff alleges that Regional Finance "supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's [C]hapter 13 filing and confirmation of the repayment plan, that the account was in collections and charged off with no mention of Plaintiff's [C]hapter 13 filing, despite the treatment of the claim under the terms of Plaintiff's confirmed [C]hapter 13 repayment plan." *Id.* ¶ 24.

### B.    Procedural History

On December 3, 2015, Plaintiff filed a complaint against Credit Recovery and Regional Finance as well as against Defendants Experian; Equifax; TransUnion; Ascension Services, L.P. ("Ascension Services"); and Capital One, National Association ("Capital One"). ECF No. 1. The Complaint alleged that Defendants had violated the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), the California's Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25(a), and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq. Id.*

1        On December 29, 2015, Equifax and Experian answered Plaintiff's complaint.  ECF Nos.

2  15, 18.  TransUnion answered Plaintiff's complaint on December 30, 2015.  ECF No. 22.  Capital

3  One answered Plaintiff's complaint on February 23, 2016.  ECF No. 45.

4        The Court granted a stipulation of dismissal with prejudice as to TransUnion on February

5  11, 2016.  ECF No. 36.  The Court granted a stipulation of dismissal with prejudice as to Equifax

6  on April 1, 2016.  ECF No. 60.  The Court granted a stipulation of dismissal with prejudice as to

7  Capital One on April 28, 2016.  ECF No. 80.  The Court granted a stipulation of dismissal with

8  prejudice as to Experian on May 31, 2016.  ECF No. 86.  Thus, there were three remaining

9  Defendants: Credit Recovery, Regional Finance, and Ascension Services.

10       Credit Recovery filed a motion to dismiss on February 24, 2016.  ECF No. 47.  Plaintiff

11  opposed the motion on March 9, 2016.  ECF No. 55.  Credit Recovery replied on March 16, 2016.

12  ECF No. 58.  The Court granted Credit Recovery's motion to dismiss with leave to amend on

13  April 15, 2016.  ECF No. 68.  The Court held that Defendants' alleged failure to report Plaintiff's

14  bankruptcy to credit reporting agencies after Chapter 13 plan confirmation, but before discharge,

15  was not misleading pursuant to the FCRA or CCRAA and thus did not violate those statutes.  *Id.*

16  at 9–11.  Additionally, the Court held that Plaintiff failed to allege sufficient facts to state a claim

17  under the FCRA for Defendants' failure to perform a reasonable investigation into Plaintiff's

18  dispute of her credit information.  *Id.* at 6–9.  Because the Court found no violation of the FCRA

19  or CCRAA, the Court also dismissed Plaintiff's UCL claim which was based on Credit

20  Recovery's alleged violations of the FCRA and CCRAA.  *Id.* at 12.  The Court cautioned Plaintiff

21  that "failure to cure the deficiencies identified in [the Court's order on Credit Recovery's motion

22  to dismiss] will result in a dismissal with prejudice of Plaintiff's claims."  *Id.*

23       Plaintiff filed the First Amended Complaint on May 9, 2016.  FAC, ECF No. 82.  In the

24  First Amended Complaint, Plaintiff asserted that Credit Recovery, Regional Finance, and

25  Ascension Services violated the FCRA and CCRAA.  *Id.*

26       Credit Recovery and Regional Finance filed a motion to dismiss on May 26, 2016.  ECF

27  No. 88.  Plaintiff filed a response on June 9, 2016.  ECF No. 87.  Credit Recovery and Regional

28

United States District Court
Northern District of California

Case No. 15-CV-05544-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION

Finance filed a reply on June 16, 2016.  ECF No. 88.

On August 15, 2016, the Court granted Credit Recovery and Regional Finance's motion to dismiss with prejudice.  ECF No. 98 ("Aug. 15, 2016 Order").  The Court granted the motion to dismiss with prejudice because Plaintiff failed to cure the previously identified deficiencies.  Specifically, the Court held, once again, that Plaintiffs failed to state a claim under the FCRA and CCRAA by alleging that Defendants' failure to report Plaintiff's bankruptcy after Chapter 13 confirmation, but before discharge, was misleading.  *Id.* at 8–11.  Additionally, the Court held, also for the second time, that Plaintiff failed to allege sufficient facts to state a claim under the FCRA for Defendants' alleged failure to perform a reasonable investigation into Plaintiff's dispute of her credit information.  *Id.* at 6–9.  The same day, the Court entered final judgment in favor of Credit Recovery and Regional Finance.  ECF No. 99.

On September 12, 2016, Plaintiff filed the instant motion seeking leave under Civil Local Rule 7-9 to file a motion for reconsideration.  ECF No. 103 ("Mot.").  On September 20, 2016, Defendants Credit Recovery and Regional Finance filed an opposition to the instant motion.  ECF No. 104 ("Opp'n").

## II.    DISCUSSION

Plaintiff seeks leave under Civil Local Rule 7-9 to file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  The Court first discusses whether the instant motion can be brought under Civil Local Rule 7-9.  The Court then addresses whether the motion can be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and whether the motion should be granted.

### A.    Plaintiff May Not Seek Reconsideration Under Civil Local Rule 7-9

Plaintiff purports to move for leave to file a motion for reconsideration pursuant to Civil Local Rule 7-9.  *See* Mot. at 1.  Rule 7-9 states:

Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to

United States District Court
Northern District of California

file the motion.

Civ. L.R. 7-9(a).  Plaintiff argues that leave to file a motion for reconsideration is warranted under Civil Local Rule 7-9(b)(2), which provides for reconsideration if "new material facts or a change of law" has occurred.  Mot. at 5–6.  However, "[a]s the Rule's plain text makes clear, Rule 7-9 only applies to motions seeking reconsideration of interlocutory orders.  The Rule does not apply after the Court has entered final judgment." *Johnson v. CFS II, Inc.*, 2013 WL 6700394, at *1 (N.D. Cal. Dec. 19, 2013).

Here, after the Court granted the motion to dismiss filed by Credit Recovery and Regional Finance, the Court entered final judgment in favor of Credit Recovery and Regional Finance.  ECF No. 99.  Accordingly, Plaintiff's Motion for Leave to File a Motion for Reconsideration of the Court's Order Granting Defendant Credit Recovery Associates, Inc.'s and Regional Finance Corporation's Motion to Dismiss is not properly brought under Local Rule 7-9 and is DENIED.

### B.    Plaintiff Has Not Met the Standard Under Federal Rule of Civil Procedure 59(e)

As described above, Plaintiff may not bring her motion under Civil Local Rule 7-9. However, Plaintiff specified in the instant motion that she is seeking leave to file a motion under Federal Rule of Civil Procedure 59(e).  Mot at 4–6.   Therefore, the Court construes her request for reconsideration under Rule 7-9 as a motion to alter or amend the judgment under Rule 59(e).  *See Yanting Zhang v. Safeco Ins. Co. of Am.*, 2013 WL 6058307, at *2 (N.D. Cal. Nov. 14, 2013) (denying untimely motion for leave to file a motion for reconsideration under Civil L.R. 7-9 and construing it as a motion under Rules 59 and 60); *Lam v. City & Cty. of S.F.*, 2016 WL 1382905, at *1 (N.D. Cal. Apr. 7, 2016) ("Because the court has already entered judgment in this case, it construes plaintiffs' motion [under Civil L.R. 7-9] as being brought under Rules 59 and 60.").

Rule 59(e) of the Federal Rules of Civil Procedure is the "proper vehicle" for filing a motion for reconsideration of a motion to dismiss without leave to amend.  *See Mir v. Fosburg*, 646 F.2d 342, 344 (9th Cir. 1980).  However a Rule 59(e) motion "should not be granted . . . absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (internal quotation marks and citation omitted) (en banc).  "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to

6

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  In general, Rule 59(e) "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted).

Plaintiff argues that the Court should alter or amend its judgment under Rule 59(e) to allow Plaintiff leave to amend her complaint.  Mot. at 5–6.  Plaintiff raises two arguments in support of her contention.  First, Plaintiff argues that she has discovered "new facts and law" that potentially could provide relief if the complaint were amended.  Mot. at 5.  Specifically, she argues that a new complaint could allege that Credit Recovery and Regional Finance violated the FCRA and CCRAA because they did not follow the "Metro 2 Reporting Standards," an allegedly industry-accepted format for reporting credit scores.  *Id.*  Second, Plaintiff argues that the "unintended legal consequences" of this Court's order granting Credit Recovery and Regional Finance's motion to dismiss warrants an alteration of the judgment.  Mot. at 6.  The Court addresses each argument in turn.

### 1.    Metro 2 Reporting Standards

With respect to Plaintiff's theory for relief involving the Metro 2 Reporting Standards, Plaintiff's sole argument is that her theory for relief is supported by "new facts and law."  The Court first addresses whether "new facts" support Plaintiff's Metro 2 Reporting Standards theory and then discusses whether "new law" supports the theory.

With respect to Plaintiff's "new facts" argument, Plaintiff must show, under *Allstate*, that the Metro 2 Reporting Standards constitute "newly discovered or previously unavailable evidence."  *Allstate*, 634 F.3d at 1111.  Evidence is not "newly discovered" under the Federal Rules if it was in the moving party's possession at the time of [the district court's ruling] or could have been discovered with reasonable diligence."  *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 212 (9th Cir. 1987); *see Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir.

Case No. 15-CV-05544-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION

United States District Court
Northern District of California

2011) (affirming district court's denial of habeas petitioner's motion for reconsideration where petitioner's evidence of exhaustion was not "newly discovered" because such evidence was available almost one year prior to the district court's denial of the petition).  Plaintiff does not assert that the Metro 2 Reporting Standards were unavailable prior to the Court's order granting the motion to dismiss or that Plaintiff was unable to discover the Metro 2 Reporting Standards after exercising reasonable diligence.  Therefore, Plaintiff provides no basis for the Court to find that the Metro 2 Reporting Standards constitute "newly discovered or previously unavailable evidence."  *Allstate*, 634 F.3d at 1111; *see Ybarra*, 656 F.3d at 998 (denying Rule 59(e) motion where facts were available prior to district court's ruling).

Next, the Court considers whether Plaintiff's Metro 2 Reporting Standards theory is based on "new law."  Under *Allstate*, a Rule 59(e) motion can only be granted based on new law if, after judgment was entered, there has been an "intervening change in controlling law."  *Allstate*, 634 F.3d at 1111.  Plaintiff cites two district court cases that Plaintiff asserts would support providing leave to amend based on Plaintiff's Metro 2 Reporting Standards theory.  *See Nissou-Rabban v. Capital One Bank (USA), N.A.*, 2016 WL 4508241 (S.D. Cal. June 6, 2016) (finding Metro 2 theory to be viable even though the defendant did not challenge the theory's viability); *Mestayer v. Experian Information Solutions, Inc.*, 2016 WL 3383961, at *3 (N.D. Cal. June 20, 2016) (allowing leave to amend to allege Metro 2 theory because "it is not clear at this juncture that the [Metro 2] theory is not viable").  However, both *Nissou-Rabban* and *Mestayer* were issued months before the Court's August 15, 2016 order granting Credit Recovery and Regional Finance's motion to dismiss, and therefore could have been raised to the Court prior to its order.  *See Exxon*, 554 U.S. at 485 n.5 ("Rule 59(e) . . . 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'").  In addition, *Nissou-Rabban* and *Mestayer* are non-binding district court decisions.  *J & J Sports Prods., Inc. v. Munguia*, 2014 WL 1572409, at *2 (N.D. Cal. Apr. 17, 2014) ("[T]his Court is not bound by any other district court decision . . . .").  Therefore, those decisions are not "intervening" and do not constitute a "change in controlling law."  *Allstate*, 634 F.3d at 1111.  Moreover, the *Mestayer* court expressed doubt about the Metro 2 theory's viability and did not reach the issue

Case No. 15-CV-05544-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION

directly. *See Mestayer*, 2016 WL 3383961 at \*3 (stating that Metro 2 theory "may" be viable, but that, regardless, Plaintiff failed to adequately plead the theory).

Overall, Plaintiff had multiple opportunities to raise the Metro 2 Reporting Standards theory it now asserts, but simply failed to do so. Plaintiff failed to allege violations of the Metro 2 Reporting Standards in her December 3, 2015 original complaint. ECF No. 1. After the Court, on April 15, 2016, dismissed Plaintiff's original complaint, the Court specified that "failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice [of an amended complaint]." ECF No. 68 at 12. Even so, Plaintiff failed to allege violations of the Metro 2 Reporting Standards in her May 9, 2016 amended complaint. ECF No. 82. In Plaintiff's June 9, 2016 opposition to Credit Recovery and Regional Finance's motion to dismiss, Plaintiff failed to raise the Metro 2 Reporting Standards as a reason to provide leave to amend, even though *Nissou-Raban* was issued on June 6, 2016, three days before the opposition brief was due. ECF No. 87. Finally, Plaintiff did not make any attempt to bring the Metro 2 Reporting Standards to the attention of the Court between the filing of its June 9, 2016 opposition and the Court's Order on August 15, 2016. ECF No. 98. Plaintiff's failure to previously raise an argument or theory of relief does not require the Court to grant a motion under Rule 59(e). *See Exxon*, 554 U.S. at 485 n.5 ("Rule 59(e) . . . 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'") (citation omitted)). Thus, the Metro 2 Reporting Standards are not a basis for granting a motion to alter or amend the judgment.

## 2.     Alleged Unintended Legal Consequences

The Court next considers Plaintiff's argument that the Court should grant Plaintiff's motion to alter or amend the judgment because the Court's order granting Credit Recovery and Regional Finance's motion to dismiss would have "unintended legal consequences." Mot. at 6. In the order, this Court held that it is not a violation of the FCRA or CCRAA for financial institutions to not reference a debtor's bankruptcy proceeding when reporting information to credit reporting bureaus if the bankruptcy court has not yet discharged the debtor's debt. ECF No. 98 at 10. The Court held that the existence of a Chapter 13 repayment plan confirmation did not alter this

9

analysis.  *Id.*  Plaintiff argues that the Court's holding carries unintended consequences, namely, that a debtor that has received a Chapter 13 repayment plan confirmation will have to wait until discharge before the debtor's credit report reflects the bankruptcy proceedings.  Mot. at 6.

As discussed above, there are four grounds in *Allstate* that would justify granting a motion to alter or amend the judgment under Rule 59(e).  Plaintiff does not specify on which of the four grounds "unintended legal consequences" would justify relief.  Thus, the Court addresses each in turn.  First, the Court addresses whether Plaintiff's argument asserts a "manifest error" of fact or law in the Court's decision granting Credit Recovery and Regional Finance's motion to dismiss.  *Allstate*, 634 F.3d at 1111.  In this Court's order granting Credit Recovery and Regional Finance's motion to dismiss, the Court stated that courts in this district have "consistently held that it is not misleading or inaccurate to report delinquent debts that have *not* been discharged."  ECF No. 98 at 10; *see e.g.*, *Mortimer v. JP Morgan Chase Bank, N.A.*, 2012 WL 3155563, at *3 (N.D. Cal. Aug. 2, 2012) ("While it might be good policy in light of the goals of bankruptcy protection to bar reporting of late payments while a bankruptcy petition is pending, neither the bankruptcy code nor the FCRA does so.").  The Court therefore concluded that "Credit Recovery[] and Regional Finance had no obligation to reference Plaintiff's bankruptcy proceeding" to comply with the FCRA and CCRAA.  ECF No. 98 at 10.

Here, Plaintiff's argument regarding unintended legal consequences does not challenge the Court's legal analysis or the factual basis on which the Court relied when granting Credit Recovery and Regional Finance's motion to dismiss.  Instead, Plaintiff's argument is one involving policy, which does not alter the legal requirements of the bankruptcy code, the FCRA, or the CCRAA.  *See Mortimer*, 2012 WL 3155563 (holding that the potential policy consequences of delayed reporting do not alter the requirements of "the bankruptcy code [or] the FCRA"); *see also United States v. Eller*, 2007 WL 1544779, at *3 (N.D. Cal. May 25, 2007) (holding that "matter[s] of policy" are "for the judgment of the legislature and not for the inference of the judiciary").  Therefore, Plaintiff's policy argument does not provide a basis for finding a "manifest error" of fact or law.

Second, the Court addresses whether the unintended legal consequences of the Court's

Case No. 15-CV-05544-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION

United States District Court
Northern District of California

order creates "manifest injustice," which requires a showing that the court made an error that is "direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds." *In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003) (quoting Black's Law Dictionary 563 (7th ed. 1999)). Plaintiff's argument regarding unintended legal consequences is an argument discussing the negative effects of a policy created by statute, and does not involve "direct, obvious, and observable" error in the Court's prior decision. *Id.*

Finally, Plaintiff's unintended legal consequences argument does not involve "newly discovered or previously unavailable evidence" or an "intervening change in controlling law." *Allstate*, 634 F.3d at 1111. Plaintiff provides no indication that she could not have brought this policy argument earlier and does not cite to any new, controlling law that upends the consistent decisions in this district that hold that "it is not misleading or inaccurate to report delinquent debts that have *not* been discharged." ECF No. 98 at 10; *see Exxon*, 554 U.S. at 485 n.5 ("Rule 59(e) . . . 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'") (citation omitted)).

Thus, Plaintiff has failed to satisfy the requirements of Rule 59(e), and Plaintiff's motion to alter or amend the judgment is DENIED.

**IT IS SO ORDERED.**

Dated: November 17, 2016

LUCY H. KOH
United States District Judge

Case No. 15-CV-05544-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION